IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3197-FL

| | | |
|---|---|---|
| KRISTOPHER DANIELS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NORTH CAROLINA DEPARTMENT | ) | |
| OF CORRECTION and BRUNSWICK | ) | |
| COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on the motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) (DE # 13) of defendant Brunswick County ("defendant"), to which plaintiff responded. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants defendant's motion and allows plaintiff the opportunity to particularize his complaint.

## STATEMENT OF THE CASE

On October 28, 2010, plaintiff filed this action pursuant to 42 U.S.C. § 1983, against defendant and the North Carolina Department of Correction. Plaintiff alleges that the "Brunswick County Mental health court left me at Central Prison after being told to pick me up because the safekeeper program for mental health wasn't purposely for mental evaluation for Government assistants so I was kidnapped, forced against my will an[]d left on my own." Compl. (DE # 7) p. 3. Plaintiff states that this situation caused him to suffer stress. Plaintiff also alleges that he was held at Central Prison for no reason from May 20, 2010, through June 7, 2010. Plaintiff asserts that he

did not have clothes, bed linens, a tooth brush or tooth paste during his time period. On March 30, 2011, the court conducted a frivolity review pursuant to 28 U.S.C. § 1915, and dismissed plaintiff's claim against the North Carolina Department of Correction as frivolous.

On May 9, 2011, defendant filed a motion to dismiss arguing plaintiff failed to allege a claim upon which relief may be granted. Plaintiff responded on May 31, 2011.

## DISCUSSION

A.  Motion to Dismiss

1.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557).

2

2. Analysis

Plaintiff challenges the Brunswick County Mental Health Court's order that plaintiff be transferred to Central Prison. To state a claim pursuant to § 1983, the plaintiff must allege that the constitutional violation was committed by a person acting under the color of state law. 42 U.S.C. § 1983; see Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). The Eleventh Amendment bars suits directly against a state or its agencies, unless the state has waived its immunity, or Congress has exercised its power under § 5 of the Fourteenth Amendment of the United States Constitution to override that immunity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989). Congress has not imposed § 1983 liability upon the states, and the state of North Carolina has done nothing to waive its immunity. Bright v. McClure, 865 F.2d 623, 626 (4th Cir. 1989) (citing McConnell v. Adams, 829 F.2d 1319, 1328 (4th Cir. 1987), cert. denied sub nom. Virginia, ex rel. State Board of Elections v. Kilgore, 486 U.S. 1006 (1988)). State courts, such as the Brunswick County Court, are considered arms of the state for Eleventh Amendment purposes. See McKinney v. Commonwealth of Virginia, No. 2:10CV00067, 2010 WL 3810628, *1 (W.D. Va. Sept. 22, 2010) (citing Harris v. Mo. Court of Appeals, 787 F.2d 427, 429 (8th Cir. 1986)). Thus, plaintiff has no claim against the Brunswick County Court system.

The court now turns to plaintiff's claim against defendant, a county. Local governments cannot be liable under § 1983 based upon a theory of respondeat superior for an injury inflicted by its employees or agents. Monell v. New York City Dep't of Social Serv., 436 U.S. 658, 694 (1978); Walker v. Prince George's County, Md, 575 F.3d 426, 431 (4th Cir. 2009). Rather, liability attaches only if conduct directly causing the alleged deprivation is undertaken to effectuate official policy or custom. Walker, 575 F.3d at 431. Here, the complaint does not allege that the constitutional

3

violation arose out of defendant's action, inaction, or official policy or custom. Nor does plaintiff make any allegations against defendant directly. Based upon the foregoing, plaintiff has failed to state a claim upon which relief may be granted against defendant.[1]

B. Opportunity to Particularize

Defendant was the sole named defendant in this action. The court finds it appropriate to allow plaintiff the opportunity to particularize his complaint. Plaintiff's amended pleading must specifically name the party responsible for his alleged deprivation, the injury stemming from the party's actions or inactions, and the alleged facts to support his claim.

## CONCLUSION

Based upon the foregoing, defendant's motion to dismiss (DE # 13) is GRANTED. Plaintiff is ALLOWED to particularize his complaint. Plaintiff must particularize his complaint as set forth herein within fourteen (14) days of entry of this order. Failure to respond to the court's order will result in dismissal of this action without prejudice for failure to prosecute.

SO ORDERED, this 15 day of December, 2011.

LOUISE W. FLANAGAN
United States District Judge

---

[1] The court notes that plaintiff has not alleged any claim against the Brunswick County Sheriff or his/her deputies. Nor has plaintiff alleged that the Sheriff or his/her deputies violated his constitutional rights. Rather, plaintiff's claims is focused on his contention that the Brunswick County Mental Health Court wrongfully ordered him transferred to Central Prison.